# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark, III |
| v. | : Magistrate No. 18-3160 (JBC) |
| KENDRICK OLIVER PERRIN,<br>a/k/a "Rick Oliver Perrin,"<br>a/k/a "Kenrick Oliver Perrin" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
July 12, 2018 Newark, New Jersey

HONORABLE JAMES B. CLARK, III                 _____
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after January 29, 2001, and on or before May 24, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

KENDRICK OLIVER PERRIN,
a/k/a "Rick Oliver Perrin,"
a/k/a "Kenrick Oliver Perrin,"

being an alien, and on or about March 5, 1997, having been convicted in the Circuit Court of Charlottesville, Virginia, of one count of Distribution of Cocaine, in violation of Section 18.2-248 of the Code of Virginia, and one count of Distribution of Cocaine, Second or Subsequent Offense, in violation of Section 28.2-248 of the Code of Virginia, both being aggravated felonies, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, KENDRICK OLIVER PERRIN, a/k/a "Rick Oliver Perrin," a/k/a "Kenrick Oliver Perrin" (the "Defendant"), is a citizen of Jamaica, and he neither is a citizen nor a national of the United States.

2. On or about December 20, 1996, the Defendant was arrested by law enforcement officers in Charlottesville, Virginia, on one count of Distributing Cocaine, in violation of Section 18.2-248 of the Code of Virginia, and one count of Distributing Cocaine, Second or Subsequent Offense, in violation of Section 28.2-248 of the Code of Virginia.

3. On or about March 5, 1997, the Defendant pled guilty in the Circuit Court of Charlottesville, Virginia, on one count of Distributing Cocaine, in violation of Section 18.2-248 of the Code of Virginia, and one count of Distributing Cocaine, Second or Subsequent Offense, in violation of Section 28.2-248 of the Code of Virginia, and was subsequently sentenced to approximately sixteen years' imprisonment, with a suspended sentence of approximately ten years and six months, the circumstance of which offenses constitute aggravated felonies under Title 8, United States Code, Section 1101(a)(43)(B).

4. Thereafter, on or about October 13, 2000, the Defendant was ordered removed from the United States to Jamaica.

5. On or about January 29, 2001, the Defendant was removed from the United States. Shortly before his removal from the United States on or about January 29, 2001, an official from Immigration and Naturalization Service took a fingerprint from the Defendant.

6. At some point after his January 29, 2001 removal, the Defendant reentered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about May 24, 2018, the Defendant was arrested by law enforcement officers in Irvington, New Jersey, for Possession of a Controlled Substance, namely Marijuana, in violation of Section 2C:35-10(a)(4) of the New Jersey Code of Criminal Justice.

8. On or about May 24, 2018, the Defendant was subsequently arrested by ICE in Irvington, New Jersey.

9. A fingerprint taken from the Defendant pursuant to his arrest for distribution of cocaine was compared to his January 2001 deportation records and the May 24, 2018 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

10. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant reentering the United States. The Defendant also did not receive a waiver allowing him to reenter the United States.